1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA

10  FABIO GONZALES MONTANO,          )  CASE NO. CV 12-4444-MWF (PJW)
                                     )
11               Petitioner,         )
                                     )  [PROPOSED] ORDER DISMISSING
12          v.                       )  PETITION WITH PREJUDICE
                                     )
13  THE UNITED STATES OF AMERICA,    )
    ET AL.,                          )
14                                   )
                 Respondents.        )
15                                   )
                                     )
16  _____)

17       Petitioner is a federal inmate currently incarcerated at the
18  Federal Correctional Institute Victorville in Adelanto, California.
19  On May 22, 2012, he filed a Petition for Writ of Habeas Corpus,
20  pursuant to 28 U.S.C. § 2241, challenging a 2005 drug conviction he
21  sustained in the U.S. District Court for the Western District of
22  Missouri.  Petitioner claims that he is actually innocent and that
23  there was no "direct or credible circumstantial evidence" proving that
24  he was guilty.  (Petition at 3.)  He also claims that his lawyer was
25  ineffective for failing to arrange for an interpreter for trial.
26  (Petition at 4.)  For the reasons explained below, the Court concludes
27  that it does not have jurisdiction over Petitioner's claims and
28  dismisses the Petition with prejudice.

In 2005, Petitioner was found guilty by a jury in the District Court for the Western District of Missouri of conspiring to distribute cocaine. *See United States v. Montano*, 506 F.3d 1128, 1129 (8th Cir. 2007). He was sentenced to 405 months in prison. *Id.* He appealed to the Eighth Circuit Court of Appeals, arguing, among other things, that the evidence was insufficient to establish that he had joined the conspiracy. *Id.* In 2007, the Eighth Circuit affirmed the conviction and sentence. *Id.* at 1133.

In April 2008, Petitioner filed a motion to vacate or set aside the conviction under 28 U.S.C. § 2255 in the Western District of Missouri, claiming that the district court erred in determining for sentencing the amount of drugs Petitioner had conspired to distribute and that Petitioner was entitled to the benefit of a change in the Sentencing Guidelines. (Motion to Dismiss ("MTD"), Exh. D.) The district court denied the Petition in June 2008. (MTD, Exh. E.)[1]

In May 2012, Petitioner filed the instant Petition in this court, pursuant to 28 U.S.C. § 2241. Respondent has moved to dismiss the Petition on the grounds that it is improperly brought as a § 2241 petition and should have been filed as a § 2255 petition in the district court in Missouri. On August 20, 2012, Petitioner filed a "Rebuttal/Traverse Motion to Defendants' Response" (hereinafter, "Opposition").

---

[1] In 2006, while his appeal was pending, Petitioner filed a motion under § 2255, claiming that he was entitled to a new trial because: (1) his conviction was obtained with the use of a coerced confession; (2) the police violated *Miranda* in questioning him; (3) Petitioner's counsel was ineffective; and (4) the prosecution withheld exculpatory evidence. (MTD, Exh. B, Petition.) It appears that that motion was never ruled on. (MTD, Exh. A, Docket Sheet.)

The proper vehicle for challenging a federal conviction is a § 2255 motion in the district of conviction. As the Supreme Court observed in *United States v. Addonizio*, 442 U.S. 178, 185 (1979), § 2255 "was intended to alleviate the burden of habeas corpus petitions filed by federal prisoners in the district of confinement, by providing an equally broad remedy in the more convenient jurisdiction of the sentencing court." In this regard, § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

*See, e.g., Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008) (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)) (motions to contest legality of sentence must be filed under § 2255 in the sentencing court). What this means is that, generally speaking, a prisoner cannot proceed under § 2241 in the district court where he is confined to challenge a conviction from another district where, as here, he has already challenged his conviction in that other district.

Though there is an exception to this general rule, known as the "escape hatch" or "savings clause," which allows a prisoner to raise constitutional or statutory claims under § 2241 that he was unable to raise under § 2255, Petitioner cannot show that his case falls within this narrow exception. To meet the requirements of the savings

clause, a prisoner must raise a viable claim of actual innocence and show that he has not had "an unobstructed procedural shot" at presenting his claim. *Harrison*, 519 F.3d at 959; *see also Ivy v. Pontesso*, 328 F.3d 1057, 1060-61 (9th Cir. 2003). The burden is on the prisoner to establish that he is entitled to proceed under § 2241. *See Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963); *Fisher v. Schultz*, 2005 WL 1554639, at *2 (E.D. Cal. June 24, 2005).

Although Petitioner argues that he has never had an unobstructed procedural shot at presenting his claim of actual innocence (Opposition at 2-3), he fails to show why he could not have raised the claim on appeal or in his § 2255 petition in the district court in Missouri. (MTD, Exh. D.)[2] Even a cursory review of this record shows that he could have. As such, he may not raise these claims in a § 2241 petition here. *See, e.g., Ivy*, 328 F.3d at 1060-61 (holding petitioner could not bring claim of actual innocence under § 2241 when he could have raised claim in previous § 2255 petition). If Petitioner wants to pursue these claims, he must seek permission from the Eighth Circuit Court of Appeals to file a second or successive petition in the district court in Missouri. *See* 28 U.S.C. § 2244(b)(3)(A).

The Court has considered whether the case should be transferred to the Eighth Circuit to allow Petitioner to seek permission from that court to file a second habeas petition but finds that the claims are

---

[2] In fact, Petitioner's claim of actual innocence rests entirely on his argument that the trial court committed error in admitting prejudicial evidence of crimes committed by his co-conspirators (see Brief supporting Petition at 5-15), which is a claim that he *did* raise on direct appeal. *See Montano*, 506 F.3d at 1132.

1  not sufficiently meritorious to warrant transfer. *See* 28 U.S.C.
2  § 1631; *see also United States v. Prevatte*, 300 F.3d 792, 799 & n.3
3  (7th Cir. 2002). Having read and considered the Eighth Circuit's
4  decision affirming Petitioner's conviction, it is clear that there is
5  no merit to Petitioner's argument that he is innocent. *See Montano*,
6  506 F.3d at 1132. As to his claim that his counsel was ineffective
7  for failing to arrange for a court reporter at trial, the docket sheet
8  shows that Petitioner waived his right to an interpreter. (MTD, Exh.
9  A, Docket No. 1055.) Thus, counsel was not ineffective for failing to
10 arrange for one. For these reasons, the Petition is dismissed with
11 prejudice.

12      IT IS SO ORDERED.

13      DATED: September 17, 2012.

                                            /s/ Michael W. Fitzgerald
                                            _____
                                            MICHAEL W. FITZGERALD
                                            UNITED STATES DISTRICT JUDGE

17  Presented by:

    /s/ Patrick J. Walsh
    _____
    PATRICK J. WALSH
20  UNITED STATES MAGISTRATE JUDGE

28  S:\PJW\Cases-Federal Habeas\MONTANO, F 4444\proposed order.wpd